728 P.2d 240
**STATE of Arizona, Appellee,**

v.

**Theodor R. BENDIG, Appellant.**

**No. 6679.**

Supreme Court of Arizona,
En Banc.

Nov. 13, 1986.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

After a jury trial, defendant Theodor R. Bendig was found guilty of burglary in the first degree, A.R.S. § 13–1508, four counts of class-two sexual assault, A.R.S. § 13–1406, armed robbery, A.R.S. § 13–1904, and two counts of attempted first-degree murder, A.R.S. §§ 13–1001, –1105. The trial court sentenced defendant to eight life terms. The court ordered the terms for burglary and armed robbery to run concurrently, the life terms for the four counts of sexual assault to run concurrently with each other and consecutively to the robbery and burglary terms, and the two life terms for attempted murder to run consecutively to the other sentences. We have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3) and A.R.S. §§ 13–4031, –4033.

On August 15, 1984, at 5:30 A.M., defendant entered the home of Michael, Rene, Ryan, and Scott Helton. At that time, Michael was away at work and Rene was home with her two children. Defendant brutally raped Rene Helton and repeatedly stabbed both Rene and her three-year-old son Ryan with a twelve-inch butcher knife. Defendant took the time between raping Rene and attempting to murder both Rene and Ryan to rummage through the Heltens' possessions and steal $198.00 in coins Rene had saved working as a waitress.

Defendant was found competent to stand trial based upon the reports of Drs. Thomas P. O'Brien and Leonardo Garcia. Additionally, both doctors stated that defendant was capable of appreciating right from wrong at the time of the offenses.

At trial, defendant did not dispute the details of the crimes characterized by the trial judge "as being [some] of the most vicious that I've seen during my professional career." Defendant only raised two defenses at trial. First, he claimed that he was intoxicated during the attack and was unable to form the requisite mental intent to support conviction.[1] Second, defendant originally indicated that he would present an insanity defense. Defendant, however, did not present any testimony indicating that he was insane during the attacks on Rene and Ryan. Furthermore, defense counsel's closing argument did not make any reference to an insanity defense.

Defendant's only argument on appeal, as best we can ascertain, is that the trial judge denied defendant his constitutional right to present a defense. *See Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). The insanity de-

---

1. The trial court properly instructed the jury that voluntary intoxication is a defense to specific intent crimes. Only the two counts of attempted murder were specific intent crimes.

Accordingly, the voluntary intoxication defense only went to the two counts of attempted murder.

fense that defendant claims he was prevented from presenting would be applicable to all eight counts. The defendant requests that we reverse only his convictions on Counts VII and VIII for attempted murder. In the interest of fairness, however, we have considered the applicability of defendant's arguments to all eight counts.

Defendant claims that the trial judge "totally denied" him the right to present Dr. Donald F. Tatro as a witness. In support, defendant refers us to the following statement by the trial court: "Based upon the limited information supplied to the court, Doctor Tatro will not be allowed to express an opinion regarding the defendant's sanity or insanity on August 15, 1984." Defendant's claim is without merit and is based upon an unjustifiable presentation of the record. *See generally* Arizona Rules of Professional Conduct, ER 3.3 (1983).

The language defendant cites in support of his position is taken out of context. The trial court never excluded Dr. Tatro as a witness. Before trial, the court told both counsel that Dr. Tatro appeared to be relying on the irresistible impulse test when arriving at an opinion of the defendant's sanity. The trial court noted that the M'Naghten test, codified in A.R.S. § 13–502, and not the irresistible impulse test, is the standard in Arizona and that Dr. Tatro might not therefore be able to testify as to defendant's sanity. The trial court reserved ruling on the admission of Dr. Tatro's opinion of defendant's sanity until the defense had laid a foundation during trial.

Defense counsel, however, insisted that the trial court make a preliminary ruling in order to assist defendant in formulating trial strategy:

MR. COLLINS (defense counsel):

I would ask that the court rule, not just leave open the question, but rule at this point, based on the transcript, and that Dr. Tatro's transcript, interview, Dr. Tatro's transcript and Dr. Tatro's report, rule at this time.

The reason being, for purposes of the opening statement, which I believe are very critical, if not the most critical point of this trial, I need to know whether Dr. Tatro is allowed to testify. That would be most of my opening statement. If he's not going to be able to, I obviously have to change my opening.

The trial court complied with defense counsel's request and issued the preliminary ruling that defendant cites to demonstrate Dr. Tatro's exclusion. The trial court subsequently communicated to defense counsel in clear and express terms that his preliminary ruling was not binding and that Dr. Tatro was free to testify:

THE COURT:

I want the record to be clear. You have the option of talking to Dr. Tatro regarding his report. My findings were based upon the information that was supplied to the court.

MR. COLLINS (defense counsel):

I realize that, Your Honor.

THE COURT:

And you still have the license to call him as a witness at trial.

MR. COLLINS:

I realize that.

The record reveals, then, that Dr. Tatro was not excluded. The trial court merely attempted to ensure that Dr. Tatro's opinion on defendant's sanity was based upon the appropriate standard. Defendant never called Dr. Tatro to the stand to lay a foundation so the trial court never had the opportunity to rule on the admissibility of Dr. Tatro's opinion regarding defendant's sanity. Defendant, therefore, was not denied the opportunity to present a defense.

We have reviewed the record for fundamental error and have found none. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); A.R.S. § 13–4035.

The convictions and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.